UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JONATHAN FRANK** #53649 | : | **CIVIL ACTION NO. 2:14-cv-111** **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **M. OWENS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Jonathan Frank (hereinafter "Frank"), an inmate in the custody of Louisiana's Department of Public Safety and Corrections.  He is incarcerated at the Calcasieu Correctional Center in Lake Charles, Louisiana.

On March 5, 2015, this court filed a memorandum order directing Frank to amend his complaint. Doc. 9. On March 16, 2015, the court received documentation returning the memorandum order sent to him. Doc. 10.  The return had the notation "not here."   The document was mailed to Frank at the last address supplied.

 Federal Rule of Civil Procedure 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...."  The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R. Co*., 370 U.S. 626, 629-31 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Further, Local Rule 41.3 provides in part, "[t]he failure of a[ ]... pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." More than thirty days has elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that Frank's civil rights complaint be **DISMISSED** in accordance with the provisions of Federal Rule of Civil Procedure 41(b) and Local Rule 41.3.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

THUS DONE this 5th day of June, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE